S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@AlvaradoSmith.com
TALINE M. GULESSERIAN (CA Bar No. 233828)
tgulesserian@AlvaradoSmith.com
ALVARADOSMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A. and
CALIFORNIA RECONVEYANCE COMPANY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK T. EDWARDS an individual<br><br>Plaintiff,<br><br>vs.<br><br>J.P.MORGAN CHASE BANK, N.A.; CALIFORNIA RECONVEYANCE COMPANY;<br><br>AND DOES 1 THROUGH 100 AS DEFENDANTS | CASE NO.: **'13CV1629 JAH KSC**<br><br>JUDGE:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(B)**<br><br>**(FEDERAL QUESTION)**<br><br>STATE CASE NO: 37-2013-00052049-CU-OR-CTL<br><br>STATE CASE FILED: June 6, 2013 |

1
NOTICE OF REMOVAL
*EDWARDS V. JPMORGAN CHASE BANK, N.A.*: CASE # PENDING

3591284.1 -- AL109.3237

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT defendants JPMORGAN CHASE BANK, N.A. ("Chase") and CALIFORNIA RECONVEYANCE COMPANY ("CRC") (collectively, the "Defendants") respectfully file this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 *et seq.* to remove the above captioned matter from the Superior Court of the State of California for the County of San Diego, in which the case is now pending, to the United States District Court for the Southern District of California. In support thereof, Defendants state as follows:

## I.  BACKGROUND

1. On June 6, 2013, Plaintiff Kirk T. Edwards ("Plaintiff"), filed an action in the Superior Court of the State of California, County of San Diego, Central Courthouse, titled *Edwards v. JPMorgan Chase Bank, N.A., et al.*, Case No. 37-2013-00052049-CU-OR-CTL (the "State Court Action").

2. Defendant CRC was served by process server on June 12, 2013.

3. With respect to Defendant Chase, it is unclear whether service of the summons and complaint were effected. However, Chase will also appear in this action regardless.

## II.  BASIS FOR REMOVAL

4. The above-described State Court Action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. §1331, and is one that may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441(a), (b) and (c).

5. Section 1441(a) of Title 28 of the United States Code provides for the removal of any action in which the United States district courts have original jurisdiction. Section 1441(b) states that district courts have original jurisdiction over any civil action founded on a claim or right arising under the "laws of the United States and shall be removable without regard to citizenship or residence of the

parties." Section 1441(c) provides that whenever a separate and independent claim or cause of action under federal question jurisdiction is joined with one more otherwise non-removal claims or causes of action, the entire case may be removed and the district court may determine all issues therein.

6. Federal-question jurisdiction is also available in actions involving state-law claims where those claims necessarily involve the resolution of underlying disputed questions of federal law. *See e.g., Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315-16, 125 S.Ct. 2363, 2368-70 (2005) (affirming federal-question jurisdiction over state quiet-title action based on need to resolve predicate issue under federal Internal Revenue Code); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004) (federal question removal jurisdiction proper where state lawsuit turns upon defendants' compliance with a federal regulation).

7. Here, Plaintiff's complaint ("Complaint") asserts causes of action that necessitate resolution of substantial, disputed questions of federal law. Specifically, Plaintiff alleges at least two separate causes of action that arise under federal statute (seventh and eighth causes of action).

8. First, Plaintiff's seventh cause of action seeks damages against Defendants for alleged violations of the Truth in lending Act ("TILA"), 15 U.S.C. §§1601 *et seq. See* Complaint, ¶¶ 116-121.

9. Second, Plaintiff's eighth cause of action seeks damages against Defendants for alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§2601 *et seq. See* Complaint, ¶¶ 123-127.

10. Thus, Plaintiff's causes of actions arise under federal law because they are predicated on alleged violations of federal statutes and are dependent on the resolution of substantial and disputed federal questions.

11. There is also a significant federal interest in the adjudication of these claims in the federal rather than the state forum, and the exercise of federal-question

jurisdiction here will not "disturb any congressionally approved balance of federal and state judicial responsibilities." *Grable, supra*, 545 U.S. at 314.

### III. PROCEDURAL COMPLIANCE

12. A notice of removal must be filed within "thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

13. This Notice of Removal is timely filed within thirty days of June 12, 2013, the day on which Plaintiff served defendant CRC with the summons and Complaint.

14. The State Court Action was pending before the Superior Court for the State of California, County of San Diego, Central Courthouse. Because this Court is the United States District Court for the district and division embracing the place where the original action was filed, it is the appropriate Court for removal under 28 U.S.C. §1446.

15. Pursuant to 28 U.S.C. §1446(a), attached as <u>Exhibit A</u> are copies of "all process, pleadings, and orders served upon" Defendants. A copy of this notice will be served on all parties of record and will be filed with the Clerk of the Superior Court for the County of San Diego.

16. Defendants expressly reserve their rights to raise all defenses and objections to Plaintiff's causes of action after the case is removed to the above-entitled Court. By filing this Notice of Removal, Defendants do not waive any defenses that may be available to them.

17. Defendants are not aware of any other named party to the lawsuit, besides the doe defendants. As to the doe defendants, no consent is necessary as such defendants have not yet been named, appeared or, on information and belief, been served with the Summons and Complaint.

IV. **CONCLUSION**

Wherefore, Defendants respectfully request that this Court make any and all orders necessary to effect the removal of the State Court Action to this Court, and to effect and prepare in this Court the true record of all proceedings that may have been had in the Superior Court for the State of California, County of San Diego.

DATED: July 12, 2013

ALVARADOSMITH
A Professional Corporation

By: /s/ Taline M. Gulesserian
S. CHRISTOPHER YOO
TALINE M. GULESSERIAN
Attorneys for Defendants
JPMORGAN CHASE BANK, N.A.; and
CALIFORNIA RECONVEYANCE
COMPANY