UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK T. EDWARDS, an individual, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> JPMORGAN CHASE BANK, N.A.; ) <br> *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil No. 13cv1629 JAH(KSC) <br><br> **ORDER *SUA SPONTE* <br> REMANDING CASE TO STATE <br> COURT** |

On June 6, 2013, Kirk T. Edwards ("plaintiff") filed the instant civil action in San Diego County Superior Court alleging various state law claims along with two federal claims. On July 12, 2013, defendant U.S. Bank National Association, as Trustee, Successor in Interest to Wachovia Bank, N.A., as Trustee for J.P. Morgan Mortgage Trust 2005-S3 ("defendant") removed the action from state court to this Court asserting that the case involved a federal question[1] and the Court had supplemental jurisdiction over the various state law claims pursuant to 28 U.S.C. § 1367. See Doc. No. 1. On August 5, 2013, plaintiff filed an amended complaint voluntarily dismissing his federal claims. See Doc. No. 5.

Federal courts are courts of limited jurisdiction. See Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, a federal court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. See Steel

---

[1] Plaintiff's seventh and eighth causes of action sought relief for violations of the Truth in Lending Act (15 U.S.C. § 1601) and Real Estate Settlement Procedures Act (12 U.S.C. § 2601). See State Court Complaint, Doc. No. 1-1.

Co. v. Citizens for a Better Environ., 523 U.S. 83, 93-94 (1998).  Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R.Civ. P. 12(h)(3). The Ninth Circuit has interpreted this rule to permit a district court to raise the issue of subject matter jurisdiction *sua sponte* at any point during a pending case. Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) (citing Summers v. Interstate Tractor & Equip. Co., 466 F.2d 42, 49-50 (9th Cir. 1972).

   This Court has the discretion to decline or to continue to exercise supplemental jurisdiction over state law claims after federal claims have been dismissed.  Under 28 U.S.C. § 1367, a district court may exercise supplemental jurisdiction over state law claims that "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  Moreover, 28 U.S.C. § 1367(c) explicitly allows a reviewing court to decline to exercise supplemental jurisdiction if:

  (1) the claim raises a novel or complex issue of State law,
  (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
  (3) the district court has dismissed all claims over which it has original jurisdiction, or
  (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §§ 1367(c)(1)-(4).  Thus, it is well within a court's discretion to exercise, or decline to exercise, supplemental jurisdiction over state law claims. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966); Schneider v. TRW, Inc., 930 F.2d 986, 994 (9th Cir. 1991).  When deciding whether to exercise supplemental jurisdiction, a court should consider judicial economy, convenience, fairness, and comity. Gibbs, 383 U.S. at 726.  The balance of factors tips in favor of declining to exercise supplemental jurisdiction when federal claims have been dismissed from a lawsuit. Carnegie Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gibbs, 383 U.S. at 726; Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994).

   A review of the amended complaint in this case shows that plaintiff requests declaratory relief and alleges two causes of action under California state law: (1)

cancellation of instruments pursuant to California Civil Code § 3412 and (2) violations for unfair competition pursuant to California Business and Professional Code § 1700. See Doc. No. 5.

This Court finds the first and third factors, discussed *supra,* tip the scales in favor of declining to exercise supplemental jurisdiction over plaintiff's remaining state law claims. The third factor has clearly been met since the plaintiff has voluntarily dismissed his federal claims over which this Court has original jurisdiction, leaving only complex state law claims for resolution. See 28 U.S.C. § 1367(c)(1), (3); Carnegie Mellon, 484 U.S. at 350; Gibbs, 383 U.S. at 726; Gini, 40 F.3d at 1046. As to the first factor, plaintiff's cancellation of instruments and unfair competition claims are predicated on an alleged invalid assignment of a deed of trust. In this Court's view, these claims appear to be complex issues of state law and, as such, further tips the scale in favor of declining jurisdiction.[2] Therefore, this Court finds the factors weigh in favor of declining to exercise supplemental jurisdiction over plaintiff's remaining state law claims.[3]

## CONCLUSION AND ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that:

1. This case is *sua sponte* remanded back to state court for all further proceedings and the Clerk shall close the file.
2. Defendant's motion to dismiss (Doc. No. 11) is DENIED as moot.

Dated:      April 25, 2014

JOHN A. HOUSTON
United States District Judge

---

[2] This Court finds the second and fourth factors are not applicable here.

[3] On September 5, 2013, defendant filed a motion to dismiss plaintiff's amended complaint. Because this Court declines to exercise supplemental jurisdiction over plaintiff's state law claims, this Court DENIES defendant's motion to dismiss as moot.